IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMES FULLARD | : | |
| Plaintiff | : | |
| v | : | Civil Action CCB-05-2114 |
| THELMA BLACKSTON, | : | |
| JUDGE ALLEN SCHWAIT, | | |
| ROLAND WALKER, and | : | |
| CASSANDRA L. COSTLEY | | |
| | : | |
| Defendants | | |

o0o

## MEMORANDUM

The above-captioned civil rights action was filed on August 2, 2005. Plaintiff asserts that defendants engaged in a conspiracy against him during the course of his criminal trial. Paper No. 1. Specifically, he alleges that the trial transcript was altered. *Id*. In addition to the complaint, plaintiff has filed a motion to proceed in forma pauperis. Paper No. 2. Because he appears to be indigent, his motion shall be granted.

This court is required pursuant to 28 U.S.C. §1915A to screen prisoner complaints and dismiss any complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted. In deciding whether a complaint is frivolous "[t]he district court need not look beyond the complaint's allegations . . . . It must, however, hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F. 2d 721, 722-723 (4th Cir. 1989). Application of this standard to the instant complaint requires dismissal.

Plaintiff previously raised this claim on two occasions. In his petition for writ of habeas corpus filed in this court on September 24, 2003, plaintiff claimed in part that the trial transcript

of his guilty plea proceeding was altered so that it would appear that he agreed to plead guilty when he had not. *See Fullard v. Peguese*, Civil Action No. CCB-03-2731 (D. Md. 2003). In the decision denying habeas relief in that case, this court observed that,

> Setting aside the fact that Petitioner has presented no evidence, other than his bald allegations, that anything was altered in the transcription of the guilty plea proceedings, the claims are not subject to review by this Court. None of the allegations concerning altered transcripts were ever raised in State court in the post conviction proceeding. Furthermore, it is clear that Petitioner admitted to pleading guilty in this case both in his post conviction petition and in his habeas corpus petition filed in this Court. Because the issues were never raised and because it appears that there is no cause excusing that failure, this claim is procedurally defaulted and is not subject to review in this Court. The failure of Respondent to address these claims is inconsequential in this instance, given Petitioner's procedural default.

*Id*. at Paper No. 18 at p. 9.

Plaintiff also raised a similar claim in a civil rights action, naming Thelma Blackston, the court reporter, and James Peguese, the Warden of the Maryland House of Correction. *Fullard v. Blackston et al.*, Civil Action No. CCB-03-2869 (D. Md. 2003). In that case, Plaintiff was directed to amend his complaint to include specific allegations regarding what was altered in the transcript. *Id*. at Papers No. 4 and 5. Because plaintiff did not comply with the order, the complaint was dismissed without prejudice. *Id*. at Paper No. 6.

In the instant complaint plaintiff again claims that the transcript of his guilty plea proceeding was altered and that defendants engaged in a conspiracy to do so. Paper No. 1. As relief he seeks release from incarceration. *Id*. The claims raised herein are subject to dismissal because the relief sought is not available to plaintiff in a civil rights action. While monetary relief is available in a civil rights action, claims challenging the legality of a conviction are not cognizable in a 42 U.S.C. § 1983 action unless and until the conviction is reversed, expunged,

invalidated, or impugned, and complaints containing such claims must therefore be dismissed without prejudice. *Heck v. Humphrey*, 512 U. S. 477, 487 (1994). To prevail on the claim asserted and be entitled to the relief sought, this court would be required to invalidate plaintiff's conviction. Accordingly, the complaint will be dismissed without prejudice.

    A separate order follows.


    __October 17, 2005__                          _____/s/_____
Date                                       Catherine C. Blake
                                           United States District Judge